25CA0279 Peo v Farmer 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0279
El Paso County District Court No. 17CR6686
Honorable Jessica Curtis, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Reney Marie Farmer,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE SULLIVAN
Pawar and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Philip J. Weiser, Attorney General, Erin K. Grundy, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Lindsey Parlin, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1    Defendant, Reney Marie Farmer, appeals the district court's order denying her Crim. P. 35(c) motion for postconviction relief following an evidentiary hearing. We affirm.

## I.    Background

¶ 2    The prosecution charged Farmer with child abuse resulting in serious bodily injury and one crime of violence count. The charges were based on allegations that, while babysitting a three-year-old child, Farmer struck him with enough force to fracture his skull. The prosecution later added three habitual criminal counts.

¶ 3    Farmer's defense at trial was that Farmer didn't cause the child's head injury; rather, it was caused by accident when the child was jumping and fell off the bed. The jury convicted Farmer as charged and the district court adjudicated her as a habitual criminal. The court sentenced Farmer to forty-eight years in prison.

¶ 4    Farmer appealed the judgment of conviction and sentence, and a division of this court affirmed. *People v. Farmer*, (Colo. App. No. 19CA1228, Dec. 17, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 5    Thereafter, Farmer filed a timely pro se motion for postconviction relief. In the motion, she raised several claims of

ineffective assistance of trial counsel, among other claims. The court appointed postconviction counsel, who supplemented Farmer's pro se motion. The prosecution responded and the district court agreed to hold an evidentiary hearing on Farmer's ineffective assistance claims that alleged that counsel failed to (1) properly challenge the admissibility of the prosecution's head injury expert; (2) secure a defense head trauma expert; (3) inform her that she could make a counteroffer to the prosecution's plea offer; and (4) interview and utilize Farmer's proposed witnesses. The court denied the remaining claims in a written order.

¶ 6    At the evidentiary hearing, the district court heard testimony from one of Farmer's two trial attorneys, a detective, and Farmer. After the hearing, the court denied Farmer's motion in a detailed written order.

## II.    Discussion

¶ 7    Farmer contends that, contrary to the district court's findings, the evidence at the postconviction hearing established that her attorneys provided ineffective assistance by failing to (1) secure a head trauma expert to testify at trial and (2) utilize Farmer's

witnesses who would have provided testimony establishing her innocence.[1]  We address and reject both contentions in turn.

A.  Applicable Law and Standard of Review

¶ 8  "A criminal defendant is constitutionally entitled to effective assistance from his counsel."  *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003).  To succeed on an ineffective assistance of counsel claim, the defendant must establish that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, meaning a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Dunlap v. People*, 173 P.3d 1054, 1062-63 (Colo. 2007).  A district court may deny an ineffective assistance of counsel claim if the defendant fails to demonstrate either deficient performance or prejudice.  *See People v. Aguilar*, 2012 COA 181, ¶ 9.

---

[1] The claims raised in Farmer's postconviction motion but not reasserted in this appeal are abandoned.  *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

3

¶ 9    We review the denial of a Crim. P. 35(c) motion after a hearing as a mixed question of fact and law. *People v. Corson*, 2016 CO 33, ¶ 25. We defer to the district court's factual findings but review de novo the court's ultimate conclusions regarding performance and prejudice. *See Carmichael v. People*, 206 P.3d 800, 807-08 (Colo. 2009); *People v. Sharp*, 2019 COA 133, ¶ 12. The district court determines the weight and credibility to give witness testimony at a Crim. P. 35(c) hearing. *People v. Hardin*, 2016 COA 175, ¶ 39. Accordingly, "[w]here the evidence in the record supports the findings and holding of the postconviction court that presided over an evidentiary hearing, the judgment will not be disturbed on review." *People v. Wardell*, 2020 COA 47, ¶ 27.

### B.    Head Trauma Expert Claim

¶ 10    We first address Farmer's contention that her trial counsel was ineffective for failing to hire a head trauma expert who could have provided testimony that the child's injuries occurred when he wasn't in Farmer's care.

¶ 11    Counsel has a duty to make reasonable investigations, including consulting with experts who could help rebut or severely undermine the prosecution's evidence. *See People v. Newmiller*,

4

2014 COA 84, ¶¶ 45, 51.  But the tactical decision not to call an expert falls within counsel's discretion.  *People v. Bradley*, 25 P.3d 1271, 1276 (Colo. App. 2001).

¶ 12     At the evidentiary hearing, Farmer testified that her attorney told her that they had found a head trauma expert who could "pinpoint" the time and date the child's head injury first occurred, proving that he was injured "before he came to my house."  Farmer also testified that two days before trial was set to begin, her attorney told her that the Public Defender's Office had denied the funds needed to fly the expert out to testify at trial.  She testified that if she had known that the expert "was not going to make it" she would have accepted the prosecution's twenty-year plea offer.

¶ 13     But testimony by Farmer's trial counsel painted a much different story.  She testified that the defense *never* identified a head injury expert to testify at trial and that the Public Defender's Office "[p]robably" would have paid for one, had they found one.  Counsel also testified that they interviewed each of the witnesses who treated the child and none of them subscribed to Farmer's theory that the injury occurred by accident when the child fell from the bed.  Counsel described one interview with a doctor who

explained that Farmer's theory of defense wasn't possible given "the physics of force." And while counsel testified that in "retrospect" she would have liked to have an expert in this case, she was never able to identify one.

¶ 14     Weighing this conflicting testimony, the district court concluded that Farmer's testimony wasn't credible in light of counsel's more credible testimony. The task of weighing and resolving this conflicting testimony fell to the district court; we can't second guess its conclusion. *See People v. Williams*, 908 P.2d 1157, 1161 (Colo. App. 1995) ("The weight and credibility to be given the testimony of witnesses in a Crim. P. 35(c) hearing is within the province of the trial court and when there is sufficient evidence in the record to support the court's findings, its ruling will not be disturbed on review.").

¶ 15     Deferring to the district court's assessment of Farmer's credibility and its decision to accord counsel's testimony more weight, *see Hardin*, ¶ 39, we conclude that the court didn't err by determining that Farmer failed to establish that counsel's performance was deficient. Farmer offered no evidence that *any* expert would have been available to testify in support of her theory

of defense. Absent the existence of such an expert, counsel couldn't provide deficient performance. *See People v. Garner*, 2015 COA 174, ¶ 26 ("Without evidence that such an expert exists, we cannot assume counsel acted unreasonably in foregoing the testimony shortly before trial.").

¶ 16　　Additionally, the district court found that even if counsel was deficient in failing to secure an expert, Farmer didn't meet her burden to show prejudice from the omission. The court observed that Farmer presented no evidence regarding the type of head injury expert who may have been available to testify for the defense, what testimony that expert could have provided, or how that testimony may have impacted the case's outcome. Given that lack of evidence, we agree with the People that Farmer didn't show that counsel's failure to obtain an expert caused her prejudice. *See People v. Chambers*, 900 P.2d 1249, 1252 (Colo. App. 1994).

¶ 17　　Further, although Farmer claimed at the hearing that she would have accepted the prosecution's twenty-year plea offer had she known counsel hadn't found an expert to testify on her behalf, the district court found this testimony wasn't credible given counsel's testimony that Farmer was unwilling to consider a prison

7

offer and that the prosecution was unwilling to extend a plea offer that didn't involve prison time. We may not disregard this credibility determination. *See Hardin*, ¶ 39.

¶ 18 Accordingly, based on the district court's credibility determinations and factual findings that enjoy record support, we perceive no error in its ruling that Farmer failed to carry her burden under either prong of *Strickland.*

## C. Lay Witnesses Claim

¶ 19 Next, Farmer argues that counsel was ineffective for failing to interview and call numerous lay witnesses to testify on her behalf at trial. Specifically, Farmer points to counsel's failure to call her partner and her nine-year-old daughter, who were purportedly present in the home while she was babysitting the child. Farmer asserts that counsel's "unmanageable workload" prevented counsel from "thoroughly vett[ing]" these witnesses, causing her prejudice.

¶ 20 The decision to interview and call certain witnesses to testify are matters of trial strategy, *see Davis v. People*, 871 P.2d 769, 773 (Colo. 1994), and "[m]ere disagreement as to trial strategy will not support a claim for ineffective assistance of counsel," *Bradley*, 25 P.3d at 1275. Further, "[w]here it is shown that a particular

decision was, in fact, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes 'virtually unchallengeable.'" *Newmiller*, ¶ 27 (quoting *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002)).

¶ 21 At the evidentiary hearing, Farmer testified that she gave her attorney's investigator a list of eighteen witnesses, including her partner and nine-year-old daughter. Farmer testified that none of the witnesses she provided to counsel were ever interviewed or called to testify at trial. Farmer also testified that her attorney told her that she couldn't interview the proposed witnesses because she was "very busy" and "flustered" with a "high-profile case."

¶ 22 But the prosecution presented evidence that counsel's investigator either interviewed or attempted to interview many of Farmer's proposed witnesses, including her partner. Similarly, the prosecution presented evidence that the list of proposed witnesses provided by Farmer didn't include her nine-year-old daughter. Moreover, counsel testified that she reviewed the witnesses Farmer provided and that many of them were character witnesses who couldn't provide relevant evidence at trial. Counsel also testified

that she didn't recall having a high-profile case at the time Farmer's case was pending.

¶ 23    Based on this evidence, the district court found that counsel's investigator interviewed or attempted to interview Farmer's proposed witnesses and that counsel "considered the relative value or lack thereof of the proposed witnesses testimony." Again, resolving conflicts in the evidence and assessing the weight and credibility of witness testimony are tasks for the district court. *People v. Pendleton*, 2015 COA 154, ¶ 7. Because the record supports the court's findings, we will not disturb them. *Id.*

¶ 24    Finally, we also agree with the district court that even if counsel had been deficient for failing to investigate or call certain witnesses, Farmer didn't meet her burden to show prejudice. Farmer failed to present any evidence at the hearing regarding what her proposed witnesses might have testified to or the likelihood that their testimony would have altered the outcome. *See People v. Villanueva*, 2016 COA 70, ¶ 68 (A "conclusory allegation is insufficient to establish prejudice under *Strickland*.").

¶ 25    Accordingly, we agree with the district court that Farmer failed to carry her burden to show that (1) counsel's performance was

10

deficient or (2) she was prejudiced by counsel's alleged failure to interview and call Farmer's proposed witnesses at trial.

### III. Disposition

¶ 26 We affirm the order.

JUDGE PAWAR and JUDGE MEIRINK concur.